UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLUCK-U CHICKEN, INC., et al.,

     Plaintiffs,

v.                               CASE NO. 8:15-cv-2274-T-23MAP

CLUCK-U CORP., et al.,

     Defendants.

_____/

## ORDER

Cluck-U Chicken, Inc., a franchisee, and Anthony L. Tartaglia, a guarantor for the franchisee, sue (Doc. 1) Cluck-U Corp., a franchisor, and Jean Pierre Haddad, the president of Cluck-U Corp., under both federal and Florida law.  The defendants move (Doc. 28) under 28 U.S.C. § 1404(a) to transfer this action to the District of Maryland.

## DISCUSSION

Section 1404(a) explains, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The defendants argue that, among other factors, the franchise agreement's forum selection clause and the guaranty's forum selection clause mandate a transfer of this action.  *See Slater v. Energy Servs. Grp. Int'l, Inc.*,

634 F.3d 1326, 1333 (11th Cir. 2011) ("[Section] 1404(a) controls the request of a party to give effect to a contractual forum-selection clause by transferring the action."). A forum selection "clause [is] a significant factor that figures centrally in the district court's calculus. . . . Thus, while other factors might 'conceivably' militate against a transfer[,] the venue mandated by a [forum selection] clause rarely will be outweighed by other 1404(a) factors." *P & S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003).

## 1. Forum Selection Clause

### A. Franchise Agreement

The defendants argue that the parties must litigate in the District of Maryland based on the franchise agreement's forum selection clause:

> The parties hereby consent to jurisdiction and venue in the Circuit or District Court of Prince Georges' County, Maryland (depending on the amount in controversy) for any dispute relating to the fees charged under this Agreement. . . .

> If either party seeks redress other than for fees charged under this Agreement, including injunctive relief with or without money damages, then the case and any ancillary issues shall be heard in a court of competent jurisdiction, both parties consenting to jurisdiction and venue in Prince George's County, Maryland.

(Doc. 1 at 74) However, this forum selection clause includes no words of command and no words of exclusion. Under the clause, the parties "consent to jurisdiction and venue in" the courts "of" or "in" a stated county but the parties neither command venue in that county nor exclude venue elsewhere. (Doc. 1 at 74) In short, the clause is "permissive," not "mandatory," and "authorizes jurisdiction in a designated

forum but does not prohibit litigation elsewhere." *Ocwen Orlando Holdings Corp. v. Harvard Prop. Trust, LLC*, 526 F.3d 1379, 1381 (11th Cir. 2008); *TECH USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 856 (D. Md. 2009) (Legg, J.) ("Permissive forum-selection clauses, on the other hand, should not be dismissed under Rule 12(b)(3), as they permit jurisdiction in the selected forum without precluding it elsewhere.").

Further, under the first paragraph of the forum selection clause,[1] the parties consent to jurisdiction and venue in a state court, not a federal district court. In other words, the "Circuit or District Court of Prince Georges' County, Maryland," specified in the first paragraph, denotes either a Maryland circuit court or a Maryland district court. The Maryland court system includes both a "circuit court" and a "district court," each of which is a trial court. *See generally Worsham v. Ehrlich*, 181 Md. App. 711, 717 n.4 (2008) (Eyler, J.). Parties can consent to jurisdiction and venue only in a court that has original jurisdiction over the parties' action.[2]

---

[1] The first paragraph governs "any dispute relating to the fees charged under" the franchise agreement, and the second paragraph governs "any dispute [not] relating to the fees charged under" the franchise agreement. (Doc. 1 at 74)

[2] The first paragraph of the forum selection clause is distinguishable from the second paragraph, under which the parties consent to jurisdiction and venue in a federal district court. Instead of consenting to jurisdiction in "the Circuit or District Court of Prince Georges' County," the parties agree that "the case and any ancillary issues shall be heard in a court of competent jurisdiction" and "consent[] to jurisdiction and venue in Prince George's County." (Doc. 1 at 74) The second paragraph "does not designate any particular forum, such that a suit either in [a state court] or in the [Greenbelt Division of the U.S. District Court for the District of Maryland], . . . which [is] located in [Prince George's] County, would satisfy the venue requirement." *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004); *see generally Gerdau Ameristeel U.S., Inc. v. Action Elec. Co.*, 2014 WL 279659, at *1 (M.D. Fla. Jan. 24, 2014).

**B. Guaranty**

The defendants argue that the parties must litigate in the District of Maryland based on the guaranty's forum selection clause:

> The Guarantors consent to being sued on this Guaranty in the state or federal courts of the State of Maryland and consent to the jurisdiction of such courts in any such action. . . . If any action is brought by Franchisor against the Guarantors in the U.S. District Court for the District of Maryland, Southern Division, or is removed to such court from a state court, the Guarantors waive any right they may have to obtain a change of venue to any other federal court.[3]

(Doc. 1 at 89)  However, the clause is a "hybrid clause," which "provides for permissive jurisdiction in one forum that becomes mandatory upon the party sued." *Ocwen*, 526 F.3d at 1381.  In other words, the clause prevents Tartaglia from transferring an action initiated in the District of Maryland but at the same time permits Tartaglia to sue in any district.

Neither the franchise agreement's forum selection clause nor the guaranty's forum selection clause requires a transfer to the District of Maryland.  "When a forum selection clause is permissive, the normal forum non conveniens analysis applies." *Moore's Federal Practice*, Vol. 17, § 111.78[2] (3d ed. 2015).

**2. Other Factors**

To determine whether a transfer would advance both the interest of justice and the convenience of the parties and witnesses, a district court may consider, in addition to a forum selection clause, these factors:

---

[3] The Southern Division is officially known as the Greenbelt Division.

> (1) the convenience of the witnesses; (2) the location of relevant
> documents and the relative ease of access to sources of proof;
> (3) the convenience of the parties; (4) the locus of operative facts;
> (5) the availability of process to compel the attendance of
> unwilling witnesses; (6) the relative means of the parties; (7) a
> forum's familiarity with the governing law; (8) the weight
> accorded a plaintiff's choice of forum; and (9) trial efficiency and
> the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). The defendants fail to show that "other considerations" clearly outweigh the plaintiffs' choice of forum — the Middle District of Florida.

The defendants argue that "all [the defendants'] staff and witnesses . . . are in Maryland." (Doc. 28 at 6) However, the significance of witnesses' convenience "is diminished when the witnesses, although in another district, are employees of a party and their presence at trial can be obtained by that party." *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010) (Wilson, Mag. J.); *accord Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001) (Moore, J.).

The defendants argue that "the franchise disclosure and corporate records are in Maryland." (Doc. 28 at 2) However, the records are electronically available and easily transferrable to Florida.

The defendants argue that the District of Maryland is the more convenient forum for both parties and explain that an action pends in the District of Maryland

and involves "causes of action against the plaintiffs collateral to the franchise agreement and guaranty." (Doc. 28 at 4, 8) However, the plaintiffs initiated this action before the franchisor initiated the Maryland action. As the plaintiffs argue, the existence of a later-filed action in Maryland offers little support for the defendants' argument to transfer this action to the District of Maryland.[4]

The defendants argue that "the franchise agreement was developed in discussion[s] in Maryland in September and December 2012 and finalized there later." (Doc. 28 at 2) However, the defendants fail to argue, other than ease of access to witnesses and records, the importance of litigating this action where the parties negotiated and concluded the franchise agreement. Further, the plaintiffs dispute the accuracy of the defendants' argument and assert that "[t]he franchise negotiations took place in" Florida and that "[t]he franchise agreement was signed by all parties in a personal meeting in" Florida. (Doc. 29 at 5)

The defendants fail to list any witness unwilling to attend a trial in this district, fail to argue any imbalance in the parties' means to litigate this action, fail to mention this district's familiarity with Florida law, and fail to argue persuasively any reason to transfer this action "in the interest of justice."

---

[4] In the Maryland action, the plaintiffs assert the "first-filed rule" in moving to transfer the Maryland action to this district. (No. 8:15-cv-3439, Doc. 13) The motion remains pending.

## CONCLUSION

The defendants' motion (Doc. 28) to transfer this action to the District of

Maryland is **DENIED**.

ORDERED in Tampa, Florida, on April 20, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE